## AS TO LIABILITY OF OBLIGORS ON A COUNTY DITCH BOND.

Court of Appeals for Darke County.

STOLTZ ET AL V. STATE, EX REL KRICKENBERGER.

Decided, May 23, 1913.

*Suretyship—Petition for a County Ditch—Liability of Bondsmen for the Petitioners—When Petition is Granted, but Proceedings are Subsequently Enjoined.*

The obligors upon the bond of petitioners for a county ditch are not liable for costs and expenses, where the commissioners upon the hearing find in favor of and grant the prayer of the petition, although subsequently the proceedings are, upon petition of landowners, enjoined for want of jurisdiction and the commissioners acting in conformity to such injunction dismiss the ditch proceedings at the costs of the county.

*D. W. Bowman, Martin B. Trainor* and *W. Y. Stubbs,* for plaintiffs in error.

*O. R. Krickenberger,* contra.

ALLREAD, J.; FERNEDING, J., and KUNKLE, J., concur.

The action in the court below was brought in the name of the state by a tax-payer for the use of Darke county against A. D. Shell and others, petitioners upon the Greenville and Mud Creek ditch improvement, and the sureties upon the bond for costs incurred upon the ditch petition.

Shell and Bryson were petitioners upon the original petition for the deepening, widening and extension of the Greenville and Mud Creek ditch imporvement and executed a bond in the sum of $500, together with Cashman and Rhoads as sureties, conditioned for the payment by said petitioners of all costs, "if the prayer of the petition be not granted or if for any other cause the same should be dismissed." Schake, Triebold and Stoltz were petitioners for an extension up Greenville creek. The original petition was filed on December 21, 1908. The petition for the extension was filed January 18, 1909.

On January 30, 1909, the board of county commissioners, upon a hearing of the petitions, found that the improvement was necessary for the drainage of the lands and conducive to the public health, convenience and welfare, and granted the prayer of both the original and supplemental petitions. Thereafter, upon injunction proceedings brought by landowners whose property was about to be taken, the commissioners were enjoined upon the ground that the order of the commissioners in locating the extended portion of the ditch and in changing the channel was void for want of jurisdiction. In pursuance to this decree and order of the court the commissioners on June 2, 1910, ordered "that the said cause be and is hereby dismissed at the costs of the county to conform with the decision of the said circuit court."

The costs of the ditch proceedings upon the original and supplemental petitions amount to $932.03, and this action is brought to recover this amount against the original and supplemental petitioners and against the sureties to the extent of the amount of the bond.

A general demurrer was sustained in the court of common pleas on the ground that no cause of action was stated. Upon petition in error to the circuit court this ruling was reversed and the cause remanded for further proceedings. Issues were joined upon the petition and the causes tried upon the evidence, resulting in a judgment against all the defendants as prayed for.

Counsel have reargued many of the questions involved in the demurrer, and we have reconsidered these questions so far as pertinent to the case in its present form.

Objection is urged to the right of the taxpayer to bring the suit.

Section 2921, General Code, among other provisions, authorizes the prosecuting attorney, when satisfied ''that money is due the county'' to bring suit ''to recover such money.''

Section 2922 provides that:

''If the prosecuting attorney fails, upon written request of a taxpayer of a county, to make the application or institute the civil action contemplated in the preceding section, such taxpayer may make such application or institute such civil action in the name of the state.''

There are other provisions in Section 2922 which we think are cumulative. The statute quoted, however, is broad enough in our opinion to sustain the tax-payer's right.

The present action involves at least two different grounds of liability. One relates to the petitioners for the extension who signed no bond or other obligation and whose liability rests solely upon their being petitioners. The other relates to the petitioners and their sureties who are sought to be made liable by virtue of the bond.

The liability of the petitioners for the extension rests upon Section 6453, General Code, which provides, among other things, that ''If the county commissioners find against the improvement, they shall dismiss the petition and proceedings at the costs of the petitioners.''

This is the only statute attempting to fix direct liability on the petitioners. It is not self-executing but requires an order of the commissioners to fix the liability. No such order has ever been made, and the liability is, therefore, not complete. It is

urged that there is a common-law liability for the petitioners' own costs. Whatever might be the rule as to the parties entitled to the costs created by order or direction of the petitioners, we think the rule of common-law liability does not prevail here in favor of the county. The absence, therefore, of a contract obligation and of an order for costs against the petitioners is fatal to the cause of action against the petitioners as such.

The liability of the petitioners who signed the original bond, and of their sureties, stands upon a somewhat different principle and involves a construction of Section 6447, General Code, providing for the petition and bond, and Section 6453 in relation to the dismissal of the petition, together with other sections of the ditch chapter.

General power is granted the board of county commissioners by Section 6443 to construct necessary ditches and drains when conducive to the public health, convenience or welfare. This jurisdiction can not be exercised *sua sponte*. It is essential to support jurisdiction of the commissioners that a petition and bond be filed as provided for in Section 6447. When such petition and bond are filed with the county auditor, he is required to fix a day of hearing and furnish notices to be served upon the interested parties. Upon the hearing the county commissioners, if they find that the proposed improvement is necessary for drainage and conducive to the public health, convenience and welfare, are authorized to grant the prayer of the petition, but if they find against the improvement they are required to dismiss the petition at the costs of the petitioners.

In granting the prayer of the petition the commissioners are not confined to the route proposed by the petitioners but may in their discretion extend the ditch beyond the termini and change the line of the ditch proposed. There is a wide latitude of discretion vested in the county commissioners over the ditch after it has been once decided that the construction of the improvement prayed for is conducive to the public interest and necessary for drainage.

After the ditch has been established, its subsequent control is entirely in the hands of the board of commissioners and out of the influence and control of the original petitioners. It is then

a public ditch under the control of the duly constituted public tribunal.

Upon appeal the statute expressly provides that the commissioners, as well as the petitioners, shall be parties to the appeal, and that if the appellants prevail the costs shall be adjudged against the commissioners and the petitioners, to be adjusted according to the discretion of the probate court.

At any time before the final hearing any party may file exceptions, under Section 6468, General Code, to the finding by the county commissioners of the necessity of the ditch, and if the exceptions are sustained the costs of the hearing shall be paid out of the county treasury.

The condition of the petitioners' bond is "for the payment of all costs; if the prayer of the petition is not granted or is dismissed for any cause." It is contended that the subsequent dismissal of the ditch proceedings in pursuance to the injunction of the court is a breach of the bond, and that the obligors thereof are liable. We think that Section 6447 and 6453 should be read and construed together, and in order to make out a liability there should be both a dismissal of the proceedings and an order against the petitioners for the payment of the costs. It is urged, however, in respect to this that the judgment for costs is mandatory and follows as an incident, and that the mere dismissal of the petition created the liability under the bond.

It will be observed that the finding of the commissioners as to the public nature of this ditch has never been set aside. So far as the commissioners are concerned the obligation of this bond was fully met when the prayer of the petition was granted. We do not express an opinion upon a case as to where the commissioners subsequently vacate this order and dismiss the petition at the costs of the petitioners. We confine our decision to the facts exemplified in the present record. Subsequent to the granting of the petition, it appears that by reason of the injunction, made perpetual in the circuit court, the commissioners were prevented from establishing a new channel and appropriating the lands involved by reason of which it became impracticable to undertake any part of the improvement. It was deemed advisable, therefore, to dismiss the proceedings, which they did at the costs of the county.

We have reached the conclusion that at this stage the ditch proceedings were so far in the control of the county commissioners as to give them a latitude of discretionary power over the dismissal, and that having made the dismissal at the costs of the county, we think there is no liability against the petitioners and their sureties.

It is urged that the liability of the petitioners and the sureties was intended as an absolute liability and a check upon the extravagance and corruption of the board of county commissioners. There is no charge whatever in the pleadings and no attempt to prove any fraud, corruption or bad faith on the part of the petitioners or the commissioners in the present case. We are called upon to construe statutory intention as deduced from statutory enactment, and we can not assume *prima facie* that the statutes contemplate official derelicition on the part of the county commissioners. If conspiracy, fraud or corruption is relied upon, it must be brought into the case by averment and proof.

We, therefore, hold that the petitioners for the Greenville creek extension are not liable and that the judgment against them should be reversed and final judgment rendered in their favor. The judgment against the obligors upon the bond is reversed and the cause as to them will be remanded for further proceedings in case the plaintiff below desires to amend his petition. Otherwise, the final judgment in this court may be rendered upon the pleadings and admitted facts.

Judgment accordingly.