**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3300
_____

NATHANIEL RHODES, JR.,
                                        Appellant

v.

DAVID A. VARANO, Superintendent/S.C.I.
Coal Township; THE DISTRICT ATTORNEY
OF THE COUNTY OF MONTGOMERY; THE
ATTORNEY GENERAL OF THE STATE OF
PENNSYLVANIA
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 2-08-cv-03236)
District Judge:  Honorable Cynthia M. Rufe
_____

Submitted Under Third Circuit LAR 34.1(a)
July 10, 2012
_____

Before: RENDELL, SMITH and BARRY, Circuit Judges

(Opinion Filed: July 25, 2012)
_____

OPINION
_____

BARRY, Circuit Judge

    In Batson v. Kentucky, 476 U.S. 79 (1986), the Supreme Court held that the

Equal Protection Clause of the Fourteenth Amendment prohibits a prosecutor from using a peremptory challenge to purposefully strike a prospective juror because of his or her race. Nathaniel Rhodes, Jr., an African-American male, appeals the denial of his petition for a writ of habeas corpus, arguing that the prosecutor discriminated against him when, in violation of Batson, he exercised a peremptory challenge against Juror #41, a non-African-American male. Rhodes sought a certificate of appealability only as to the District Court's rejection of that specific claim, a motion which was granted by the Court as to the following issues: whether the Pennsylvania Superior Court's "ruling" as to Juror #41 "was an unreasonable determination of the facts in light of the evidence presented," and whether Rhodes was entitled to an evidentiary hearing.[1] App. 83. We will affirm.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), habeas relief cannot be granted unless the adjudication resulted in a decision that was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). If, of course, the state court did not reach the

---

[1] The only Batson challenge before the District Court and now before us is Rhodes' challenge to non-African-American Juror #41. Rhodes did not renew the Batson challenge he unsuccessfully made at the state court level to the prosecutor's strike of Juror #5, an African-American female, struck because, among other reasons, she had a conviction for shoplifting and her husband worked with juvenile offenders at a placement home.

2

merits of a claim, these deferential standards do not apply.  Holloway v. Horn, 355 F.3d 707, 718 (3d Cir. 2004).

Rhodes argued to the District Court, and argues to us, that the "effect" of the prosecutor exercising his last strike against "below the line" Juror #41 (a juror who had no chance of being seated) was to assure that African-American Juror #33 would serve only as an alternate and no African-American would make it to the final twelve.  The District Court, in an extraordinarily thorough opinion, discussed Rhodes' Batson claim and the treatment of that claim by the Pennsylvania state courts.  Given that we write only for the parties, who are fully familiar with this case, we need not reprise that discussion here.  Suffice it to say, the District Court concluded that because there was no evidence of record that the "below the line" strike of Juror #41 gave rise to an inference of a discriminatory purpose, the Superior Court's conclusion that the prosecutor did not exercise his strikes in a discriminatory manner "was not an unreasonable determination of facts in light of the evidence presented."  App. 22.

We agree.   The facts of record here do not establish a pattern of behavior from which any inference of discrimination can be drawn.  The order of the District Court denying the petition for a writ of habeas corpus will be affirmed.